[No. 5112.]
[No. 2695 C. A.]

CYLE ET AL., ADMINISTRATORS, v. THE DENVER AND RIO GRANDE RAILROAD COMPANY.

1.  **Appellate Practice—Erroneous Instructions—Evidence Insufficient to Support Verdict—Judgment Affirmed.**

    Where appellants seek a reversal of the judgment upon the sole ground that the court erred in its charge to the jury, if the evidence is insufficient to warrant a verdict for them in any event, the judgment will be affirmed.—P. 300.

2.  **Railroads—Fires—Evidence.**

    In an action under the statute against a railroad company to recover damages for the destruction of property by fire alleged to have been set out by one of its engines, the uncontradicted evidence showed that the warehouse destroyed was situated about 30 feet from the main track; that several hours before the fire was discovered a locomotive passed, drawing a train of 18 or 20 cars along a slightly down grade, at the rate of 6 to 8 miles per hour; that the locomotive was not working hard, and

that just previous to passing the warehouse coal had been deposited on the fire which had a tendency to dampen it and prevent sparks from flying; that the smokestack was in good condition and of such construction as to prevent the emission of live sparks capable of igniting a fire at a greater distance than 15 or 20 feet; that no sparks were being emitted at the time of the passage of the train, although at a point between one and a half and two and a half miles from the warehouse, on an up grade, sparks, which appeared to be alive, were thrown from the smokestack; that the wind was blowing away from the warehouse at the time the train passed, although earlier in the day it had blown towards it; and that previous to the passage of the train, several persons, including one of the plaintiffs, were smoking in and about the warehouse. Held, that such evidence is not of sufficient force or weight to justify a reasonable inference by reasonable men that the fire was of railroad origin, nor to rebut the reasonable possibility that the fire originated from some other source, and the trial court would have been fully warranted in granting defendant's motion for a directed verdict interposed at the close of the evidence.—P. 302.

*Appeal from the District Court of Rio Grande County.*

*Hon. C. C. Holbrook, Judge.*

Action by W. O. Cyle and F. W. Loveland, as administrators of the estate of William A. H. Loveland, deceased, against The Denver & Rio Grande Railroad Company. From a judgment in favor of defendant, plaintiffs appeal.          *Affirmed.*

Mr. H. E. LUTHE, for appellants.

Messrs. VAILE & WATERMAN, Mr. IRA J. BLOOMFIELD, and Mr. ELROY N. CLARK (Mr. WM. W. FIELD, of counsel), for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This action was by appellants to recover damages sustained by reason of the destruction of their

property by fire alleged to have been set out by an engine of appellee.

A jury trial resulted in a verdict and judgment for appellee.

Appellants seek a reversal of the judgment upon the sole ground that the court erred in its charge to the jury.

Appellee meets this proposition by saying, that upon the evidence adduced at the trial the verdict could not have been for the appellants.

If an examination of the evidence found in the record leads to the conclusion that in no event should the verdict of the jury have been for appellants, the judgment must be affirmed.

The uncontradicted evidence in the record discloses that the property destroyed—a warehouse and contents—was situated upon a siding about thirty feet from the main track of the railroad; that at about 7 p. m. a locomotive drawing a train of 18 or 20 cars passed along the main track; that the track in the direction in which the train was moving was slightly down grade; that the train was moving at the rate of 6 to 8 miles per hour; that the locomotive was not working hard; that just previous to passing the warehouse the fireman had deposited coal on the fire, which had a tendency to dampen the fire and prevent sparks from flying; that no sparks were being emitted from the smokestack of the locomotive at the time the train passed the warehouse; that fire was discovered several hours after the train had passed; that the smokestack of the locomotive was in good condition and of such construction as to prevent the emission of live sparks capable of igniting a fire at a greater distance than 15 or 20 feet from the track; that at the time the train passed the warehouse the wind was blowing away from and

not toward the warehouse; that about sundown, previous to the passage of the train, several persons, including one of the appellants, were smoking in and about the warehouse:

Appellants introduced evidence to prove that earlier in the day the wind was blowing toward the warehouse; that at a point 1½ to 2½ miles from the warehouse, on an up-grade, sparks, which appeared to be live, were thrown out of the smokestack of the locomotive.

In cases of this character it is quite impossible to formulate iron-clad rules as to the quantity and character of evidence necessary to establish a right of recovery which shall govern all cases. The statute upon which appellants base their right of action has been under consideration by the appellate courts of this state in a number of cases.—*U. P. Ry. Co. v. DeBusk,* 12 Colo. 294; *D. & R. G. Co. v. DeGraff,* 2 Colo. App. 42; *D. T. & G. Co. v. Morton,* 3 Colo. App. 155; *Stratton v. U. P. Ry. Co.,* 7 Colo. App. 126; *C. & F. Lumber Co. v. D. & R. G. R. R. Co.,* 17 Colo. App. 275.

Tested by the rules announced in the decisions of the appellate courts of this state cited *supra,* in our opinion the evidence was not of sufficient force or weight, considering the surrounding circumstances and conditions, to justify a reasonable inference by reasonable men that the fire was of railroad origin, nor did it rebut the reasonable probability that the fire originated from some other source. Taking into consideration all surrounding conditions and circumstances disclosed by the evidence, the most that can be said of plaintiff's case was, that upon the evidence adduced it was remotely possible that the fire was caused by sparks from the locomotive, but this is not sufficient. To so decide would be to say that

a verdict may rest upon mere possibility, speculation and conjecture; that in cases of this character all that plaintiff would be required to prove would be the passage along the track of the railroad company of an engine at some time preceding the fire within a period of three or four hours, without any proof to connect the fire with the engine, or proof from which a reasonable inference of such connection could be drawn.

We do not believe that the statute upon which this action was based was intended to make proof of such fact alone sufficient upon which to base a verdict and judgment against a railroad company.

The court would have been fully warranted in granting defendant's motion for a directed verdict, interposed at the close of the evidence.

*Mouat Lumber Co. v. Wilmore,* 15 Colo. 136, relied upon by appellants, presents facts so dissimilar from the facts in this case as to render it inapplicable as an authority. There the evidence showed that sparks and burning coal were frequently emitted from the mill and were so emitted on the day of the fire; that the wind was blowing so as to carry the sparks in the direction of the house, and that fires had been frequently started in this manner; that there was no other known source from which the fire could have originated.

The authorities cited by appellants have been examined with care. Many of them are no more in point than the case last noticed, and all of them are easily distinguishable from the case at bar.

From a very careful scrutiny of all the evidence in the record we conclude that the judgment must be affirmed.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. Justice GUNTER concurring.